## WEINBERG *v.* KRAM.

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

EVIDENCE—REBUTTAL OF ADMISSION—STATEMENT TO THIRD PERSON.

On the trial of an action, before any testimony was taken, defendant admitted that he had sent a certain letter to plaintiff. Afterwards defendant was permitted to state that he did not write the letter, and never saw its contents, and to detail the circumstances under which it was written by another, to rebut the presumption arising from the fact that he had sent it. *Held* no error, though involving a statement by witness of what he said to a third person, a friend of plaintiff acting for defendant, at the time the letter was sent.

Appeal from seventh district court.

Action by J. Lewis Weinberg against Louis Kram. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*J. Lewis Weinberg,* for appellant. *Jacob Levy,* for respondent.

BOOKSTAVER, J. This action was brought to recover the sum of $25, alleged to be due plaintiff for services alleged to have been rendered the defendant as an attorney and counselor at law. The defendant denies ever employing plaintiff, or requesting any advice from him, or that he ever rendered any service whatever, or gave, or was requested to give, any advice in consideration of which the defendant agreed to pay the plaintiff the sum of $25 or any other sum of money. The evidence upon the trial was conflicting. As we have often decided in this court upon such conflict, we will not reverse the judgment of the court below unless it is made to appear that that court overlooked some material fact, or its decision was against the clear weight of evidence, or was influenced by prejudice, passion, or bias. Indeed, the appellant does not ask us to reverse on any of these grounds, and we think, from an examination of the record, the evidence fully justified the justice in arriving at the conclusion he did. But it is insisted by the appellant that there was fatal error committed by the justice in the admission of evidence. Before any testimony was taken, the defendant admitted that a certain letter was sent by him to plaintiff, which is as follows: "New York, July 20th, 1891. Dear Sir: In the matter of the insurance company, you will please not trouble yourself about giving me any opinion, as things have changed." During the progress of the trial, defendant's counsel asked him whether he ever wrote this letter, to which the plaintiff objected, on the ground that it had been admitted that the letter had been sent to the plaintiff by the defendant, which was overruled, and the defendant was permitted to state that he did not write the letter, and never saw it, and to detail the circumstances under which it was written. This we think no error, because the plaintiff had the full benefit of the admission by the defendant that he sent the letter, and the defendant was entitled to state the circumstances under which it was written by another, in order to explain, and, as far as possible, rebut, the presumption arising from the fact that he had sent it. This he could have done, even had the witness he desired been present and testified to the writing of the letter. It is true this involved a statement by the witness of what was said to a third person at the time, who was a friend of the plaintiff, and was acting for the defendant. Under such circumstances, it was not error to receive the testimony, and the judgment should be affirmed, with costs.

All concur.